UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>        Plaintiff,<br><br>  v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN, et al.,<br><br>        Defendants. | 1:15-cv-00635-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirement and Standard**

Plaintiff Wondiyrad Kabede ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on April 21, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at Mule Creek State Prison.  Plaintiff brings suit against individuals at Pleasant Valley State Prison related to a grievance, all the way up to the Director's Level.  Plaintiff does not attach the relevant grievance to his complaint and does not identify the defendants by name.  The caption of his complaint suggests that he also is suing the Wardens of Pleasant Valley State Prison and Mule Creek State Prison.

Plaintiff alleges as follows:

> For 2nd time I was a victim of cell fight, which was the reason I left the general population to live alone at protective custody prison (S.N.Y.).  Because I was injured with ethnically "other" prisoner, I was given status to live alone or to live only with Ethiopian citizen prisoner as myself.  Since prison officials conspiracy to get me killed with cellmate, they still forcing me to live with whomever they want too [sic].  They kept changing my statue [sic].  Please see all my annual chronos attached to my prisoner grievance.

(ECF No. 14, p. 3.)  Plaintiff further contends that he is a physically disabled, sixty-four year old man and "cannot function with fight or sexualy [sic]."  (ECF No. 14, p. 3.)  Plaintiff requests that

the Court give him relief to live in a prison cell alone. He contends that prison overcrowding is not a reason to force him to live in a cell with all types of inmates. Plaintiff does not seek monetary damages.

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint lacks basic facts. He also does not sufficiently and succinctly identify his claims or state the basis for those claims. Plaintiff will be given leave to cure these deficiencies to the extent he is able to do so in good faith.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to specifically identify or link any of the defendants to his constitutional claim(s). If Plaintiff elects to amend his complaint, he must identify each defendant and then allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### C. Eleventh Amendment Immunity

To the extent Plaintiff seeks to name Pleasant Valley State Prison or Mule Creek State Prison as defendants, he may not do so. The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. E.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against Pleasant Valley State Prison or Mule Creek State Prison.

### D. Supervisory Liability

Plaintiff may not bring suit against the prison wardens based on their roles as supervisors. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the

offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)).

### E.  Grievance Procedure

Although not clear, Plaintiff appears to be complaining about the denial of his inmate grievance related to single cell status.  Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### F.  Single-Cell Status

To the extent Plaintiff seeks to assert a claim for a due process violation arising out of his classification for single-status, he cannot state a cognizable claim.  Plaintiff does not have a protected liberty interest in a single-cell status classification.  See, e.g., Harper v. Schwarzenegger, 2014 WL 348321, *1 (E.D. Cal. Jan. 31, 2014); Waters v. Flores, 2012 WL 484530, *3 (E.D. Cal. Feb. 14, 2012).

### IV.  Conclusion and Order

For the above reasons, Plaintiff's complaint fails state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal

rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **August 3, 2015**          /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE