1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WONDIYRAD KABEDE, | ) | 1:15-cv-00635-BAM (PC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION FOR |
| | ) | FAILURE TO OBEY A COURT ORDER, |
| v. | ) | FAILURE TO STATE A CLAIM, AND |
| | ) | FAILURE TO PROSECUTE |
| PLEASANT VALLEY STATE PRISON | ) | |
| WARDEN, et al., | ) | (ECF No. 20) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Wondiyrad Kabede ("Plaintiff"), a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on August 13, 2013. (ECF No. 1.) On April 21, 2015, Plaintiff filed a complaint, (ECF No. 14), and on April 24, 2015, this action was subsequently transferred to this district, (ECF No. 13). On July 6, 2015, Plaintiff consented to the jurisdiction of a Magistrate Judge.  (ECF No. 19.)

On August 3, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days.  (ECF No. 20.) The deadline for Plaintiff to file his amended complaint has passed, and he has not complied with the Court's order.

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A

1   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2   failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran,

3   46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v.

4   Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

5   requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th

6   Cir. 1987) (dismissal for failure to comply with court order).

7           In determining whether to dismiss an action, the Court must consider several factors: (1)

8   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

9   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

10  cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779

11  F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

12          The Court finds that the public's interest in expeditiously resolving this litigation and the

13  Court's interest in managing the docket weigh in favor of dismissal.  This action has been

14  pending since August 2013. Plaintiff has made no attempt to contact the Court or otherwise

15  comply with the Court's August 3, 2015 order.  The Court cannot hold this case in abeyance

16  awaiting such compliance by Plaintiff.  The third factor, risk of prejudice to defendant, also

17  weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

18  unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir.

19  1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly

20  outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a

21  party that failure to obey the court's order will result in dismissal satisfies the "considerations of

22  the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779

23  F.2d at 1424. The Court's August 3, 2015 order granting Plaintiff leave to amend his complaint

24  expressly stated, "If Plaintiff fails to comply with this order, the Court will dismiss this action for

25  failure to obey a court order and for failure to state a claim."  (ECF No. 20, p. 6.)  Thus, Plaintiff

26  had adequate warning that dismissal could result from his noncompliance with the Court's order.

27          Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii), this

28  action is HEREBY DISMISSED based on Plaintiff's failure to state any claims upon which relief

1    may be granted, failure to obey a court order, and failure to prosecute.  All pending motions, if

2    any, are terminated.

3    IT IS SO ORDERED.

4

5    Dated:   **September 16, 2015**          /s/ *Barbara A. McAuliffe*

          UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28