# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN, et al.,<br><br>　　　　Defendants. | 1:15-cv-00635-BAM (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REVERSE JUDGMENT, RE-SERVE COURT ORDER AND APPOINT COUNSEL<br><br>(ECF No. 22)<br><br>ORDER DIRECTING CLERK OF COURT TO VACATE THE DISMISSAL ORDER, REOPEN ACTION, AND RE-SERVE AUGUST 3, 2015 ORDER ON PLAINTIFF<br><br>(ECF Nos. 20, 21) |

　　　Plaintiff Wondiyrad Kabede ("Plaintiff"), a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983, initiated this action on August 13, 2013. (ECF No. 1.) On July 6, 2015, Plaintiff consented to the jurisdiction of a Magistrate Judge. (ECF No. 19.)

　　　On August 3, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days, and advised him that his failure to comply with that order would result in the action being dismissed. (ECF No. 20.) On September 16, 2015, having received nothing in response to its order from Plaintiff, the Court dismissed this action based on his failure to obey a court order, failure to prosecute, and failure to state a claim,. (ECF No. 21.)

　　　On September 30, 2015, Plaintiff filed the instant motion seeking to have the Court's judgment reversed. (ECF No. 22.) The Court construes Plaintiff's motion to be a request for

1

relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. In his papers, Plaintiff alleges that he never received the Court's August 3, 2015 order dismissing his complaint with leave to amend. (Id. at 1.) In support, he submits a document purporting to be a report from the mailroom supervisor at his institution, stating that according to the mail log Plaintiff did not receive any legal mail in the month of August. (Id. at 3.)

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Plaintiff seeks reconsideration on the basis of excusable neglect, based on his lack of receipt of the Court's August 3, 2015 order. Considering Plaintiff's moving papers and his prompt, good-faith attempts to re-engage in this action upon receipt of the Court's September 16, 2015 order dismissing this action, the Court chooses to credit his allegations, and finds it appropriate to grant relief under Rule 60(b). Plaintiff should not be penalized for failure to obey a court order that he did not receive, and he should be provided with a copy of that order so that he can attempt to comply with it in a timely manner.

Finally, Plaintiff's motion also seeks to have counsel appointed, on the basis that he has a "hard time thinking and writing this motion." (ECF No. 22, p. 2). He also states that he is older and physically and mentally disabled. (Id.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's moving papers, but does not find the required exceptional circumstances here. Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits). In this case, despite Plaintiff's allegations of trouble thinking and difficulty drafting his motion, he adequately articulated his position and provided pertinent evidence, such that the Court has decided to grant him some relief. Furthermore, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion requesting to reverse judgment, to re-serve an order, and to appoint counsel (ECF No. 22), is GRANTED IN PART and DENIED IN PART;

2. The Clerk of the Court is directed to VACATE the dismissal order entered on September 16, 2015 (ECF No. 21), and reopen this action;

3. The Clerk of the Court is further directed to RE-SERVE the August 3, 2015 screening order (ECF No. 20) on Plaintiff, at his current address of record;

4. Plaintiff is GRANTED thirty (30) days from the date of service of the Court's August 3, 2015 order in which to file an amended complaint, in compliance with that order; and

5. Plaintiff's request for the appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **October 16, 2015**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3