# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>    Plaintiff,<br><br>  v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN, et al.,<br><br>    Defendants. | 1:15-cv-00635-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 27) |

      Plaintiff Wondiyrad Kabede ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 13, 2013 in the Northern District of California. On April 24, 2015, the action was transferred to this Court. (ECF No. 13.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 19.)

      Plaintiff's amended complaint states that he requests the Court appoint counsel for him. (ECF No. 27, p. 5.) Plaintiff he does not have a constitutional right to appointed counsel in this civil action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel

only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, given Plaintiff's failure to state a claim thus far, the Court cannot find any likelihood of success on the merits. Also, based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Although Plaintiff has not yet stated a cognizable claim, the Court is able to comprehend his pleadings, and he will be granted leave to amend his complaint to further attempt to articulate a cognizable claim.

Accordingly, it is HEREBY ORDERED that Plaintiff's request for the appointment of counsel, set forth in his amended complaint, (ECF No. 27), is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 17, 2016**            /s/ *Barbara A. McAuliffe*            
                                        UNITED STATES MAGISTRATE JUDGE