# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN, et al.,<br><br>　　　　Defendants. | 1:15-cv-00635-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REQUESTING SINGLE CELL STATUS<br><br>(ECF No. 29) |

　　　　Plaintiff Wondiyrad Kabede ("Plaintiff") is state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 6, 2015, Plaintiff consented to the jurisdiction of a Magistrate Judge. (ECF No. 19.) Currently before the Court is Plaintiff's motion requesting the Court to issue an injunction granting him single cell status. (ECF No. 29.) In the motion, Plaintiff states that he seeks to live alone or in administrative segregation because he fears being killed, and is weak and frightened. He further states that he is physically and mentally disabled and sixty-five (65) years old.

　　　　The Court construes Plaintiff's motion as seeking a temporary restraining order/injunction against the prison officials where he is housed at Mule Creek State Prison. The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S. Ct. 365,

376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff has not met the requirements for any temporary restraining order or preliminary injunctive relief in this action. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

In this matter, Plaintiff's most-recent amended complaint has been screened by an order issued in conjunction with this order. The Court has determined that Plaintiff has not yet stated any cognizable claims. No defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over the prison officials where Plaintiff is housed, and it cannot issue an order requiring them to take any action.
///

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, which may include a petition for writ of habeas corpus in state court. E.g., In re Davis, 25 Cal.3d 384, 387 (Cal. 1979) (writ of habeas corpus may be sought to obtain declaration and enforcement of a prisoner's rights in confinement). The issue is not that Plaintiff's allegations lack seriousness or that Plaintiff cannot obtain relief if sought in the proper forum. Rather, the issue is that this particular action cannot be used by Plaintiff to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning potential harm cannot and do not overcome the jurisdictional bar. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S. Ct. 1003 (1998). ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

For these reasons, it is HEREBY ORDERED that Plaintiff's motion requesting single cell status (ECF No. 29) is DENIED.

IT IS SO ORDERED.

Dated:   **August 17, 2016**         /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE