# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PLEASANT VALLEY STATE PRISON WARDEN, et al.,<br><br>　　　　Defendants. | 1:15-cv-00635-BAM (PC)<br><br>SCREENING ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 27)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Wondiyrad Kabede ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 13, 2013 in the Northern District of California. On April 24, 2015, the action was transferred to this Court. (ECF No. 13.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 19.)

On August 3, 2015, the Court issued a screening order dismissing Plaintiff's original complaint with leave to amend. (ECF No. 20.) Plaintiff's first amended complaint, filed on November 12, 2015 (ECF No. 27), is currently before the Court for screening.

I.  **Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Mule Creek State Prison ("MCSP"). Plaintiff brings suit against individuals at MCSP, against individuals at the institution where he was formerly housed, Pleasant Valley State Prison ("PVSP"), and against others. Plaintiff names the following Defendants: (1) Captain A. Walker, at PVSP; (2) Correctional Counselor II C.P. Cano, at PSVP; (3) Warden P.D. Brazeton, at PVSP; (4) Correctional Counselor II B. Gibney, at MCSP; (5) Appeals Examiner D. Van Leer, at the Office of Appeals, in Sacramento, California; and (6) Chief J.D. Lozano, at the Office of Appeals, in Sacramento, California.

///

Certain of Plaintiff's allegations are far beyond the scope of his original complaint, despite his statements that he is not seeking to change the nature of his lawsuit. Plaintiff was previously informed that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's allegations which are unrelated to his original complaint will not be discussed in this order.

Plaintiff alleges as follows: After Plaintiff was assaulted for a second time, he left Pelican Bay main line to protective custody, to live in a prison cell alone. Ironwood Prison gave Plaintiff a "RO" (restricted to own) status to live alone, or with another Ethiopian citizen. Plaintiff lived alone for most of the time.

Plaintiff was transferred to PVSP, and Captain Walker ignored Plaintiff's RO status. Captain Walker changed Plaintiff's RO status to RE (racially eligible) status, to force Plaintiff to live with cellmates of any ethnicity or race. The Ironwood chrono did not matter to Captain Walker. After completing his second level grievance against PVSP, Plaintiff was shipped out to MCSP as a medical high risk.

At MCSP, Plaintiff mentioned the deliberate mistake done at PVSP, and requested the classification committee correct it and give him his RO status back, or single-cell status. Plaintiff was told to file a 602 appeal or ask the Court to give it to him. Plaintiff's appeal was denied.

Plaintiff states that prison officials and prisoners are in a conspiracy to have him killed in his cell by his cellmate, so that it will look like an accident.

Plaintiff seeks no money damages. He seeks to live in his prison cell alone.[1]

**III.    Deficiencies in Complaint**

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities

---

[1] In his amended complaint, Plaintiff also requests appointed counsel. This request is addressed by a separate order.

3

>secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Other than Captain Walker, Plaintiff does not make any factual allegations concerning the defendants he has named in this action. Thus, Plaintiff has not linked the defendants to acts or omissions showing that each defendant participated in, or directed the violation of, any of his Constitutional rights. Plaintiff has attached about seventy (70) pages of exhibits to his amended complaint, and state that the names of responsible individuals in this action are in his grievances, and that the attachments "show the carelessness" of the prison officials. The Court is not required to sift through Plaintiff's exhibits and attachments in an effort to determine what Plaintiff's claim(s) are.   The Court will not use its already taxed resources to sort through documentation.

Plaintiff will be granted leave to amend his complaint. If Plaintiff elects to amend his complaint, he must allege what each individual defendant, by name, did or did not do that resulted in a violation of his constitutional rights. If he chooses to add attachments or exhibits to any amended complaint (which he is not required to do), Plaintiff must identify them for the Court and explain their significance, with particularity.

**B.  Federal Rules of Civil Procedure 18 and 20**

Plaintiff makes claims regarding housing classification issues and events against people at PVSP, regarding housing classification issues following his transfer to MCSP involving different people, and claims regarding employees at the Office of Appeals in Sacramento, California. Plaintiff may not bring unrelated claims against unrelated parties in a single action.

4

Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

If Plaintiff elects to amend his complaint, Plaintiff must choose which claims he wishes to pursue in this action. If Plaintiff's amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

### C. Supervisory Liability

Although Plaintiff has named Warden Brazeton as a defendant, he has not alleged that Warden Brazeton was personally involved in an alleged Constitutional deprivation. To the extent Plaintiff seeks to hold Warden Brazeton, or any other defendant, liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir.2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

**D. Grievance/Inmate Appeals Procedure**

Plaintiff appears to be complaining against Appeals Examiner Van Leer and Chief of the Office of Appeals Lozano, and possibly other officials he has named as defendants, for the denial of his grievances and inmate appeals regarding his request to be given RO or single-cell status. Plaintiff cannot pursue any claims against prison officials or correctional staff based solely on their involvement in the administrative review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

**E. Deliberate Indifference to Serious Risk of Harm**

Plaintiff alleges that Captain Walker changed Plaintiff's status to force Plaintiff to live with cellmates of any ethnicity or race, which puts him at risk of being killed. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2005). Prison officials must provide prisoners with medical care and personal safety and must take reasonable measures to guarantee the safety of the inmates. Farmer, 511 U.S. at 832-33, 114 S. Ct. at 1976 (internal citations and quotations omitted). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer, 511 U.S. at 833-34 (quotation marks omitted); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).

However, prison officials are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an

inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841 (quotations omitted); Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040. Where the failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. Orwat v. Maloney, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing Gaudreault v. Municipality of Salem, 923 F.2d 203, 207 n. 3 (1st Cir. 1991); see also Borello v. Allison, 446 F.3d 742, 749 (7th Cir. 2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to happen); accord, Farmer, 511 U.S. at 833-834 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured victim). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstrating in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." Farmer, 511 U.S. at 842.

Plaintiff has not alleged sufficient factual detail to state a claim for the deliberate indifference to a serious risk of harm against Captain Walker, or any other defendant. Plaintiff's allegations regarding a conspiracy for him to be killed are vague and conclusory. It is not clear from Plaintiff's allegations why he is at risk of harm if housed with a cellmate of a different race or ethnicity, but is not at risk of harm if he is housed with an Ethiopian citizen. He has not alleged sufficient facts to show that his conditions of confinement present an objectively serious risk to his health or safety. Moreover, Plaintiff has not alleged any facts showing that Captain Walker (or any other defendant) had any knowledge of a risk to Plaintiff, or that Captain Walker (or any other defendant) deliberately disregarded that risk. Plaintiff has also not alleged that he has been harmed by Captain Walker's actions or inactions (or any other defendant's actions or inactions).

Plaintiff will be granted leave to amend to cure these deficiencies, to the extent he can do so in good faith.

///

### F. Conspiracy

Plaintiff generally alleges that prison officials and prisoners are conspiring to have him killed in his cell by his cellmate, to make it look like an accident.

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. State of California, 497 F.2d 197, 200 (9th Cir.1974).

Plaintiff fails to present any factual allegations to support his claim of a conspiracy to harm him, including any facts showing that any of the defendants entered into a conspiracy. His unsupported statements that he is being denied RO or single-cell housing status because unnamed prison officials and/or prisoners want him to be killed by his cellmate appear to be pure speculation. Plaintiff's conclusory statements regarding a conspiracy lack plausibility, and are not sufficient to state a claim.

### IV. Conclusion and Order

For the above reasons, Plaintiff's amended complaint fails state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

///

///

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's amended complaint, filed November 12, 2015 (ECF No. 27), is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **August 17, 2016**             /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE