# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONDIYRAD KABEDE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MULE CREEK PRISON WARDEN, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-00635-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(ECF No. 35)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS AND TO APPOINT COUNSEL<br>(ECF No. 36)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Wondiyrad Kabede ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on August 13, 2013, in the Northern District of California. On April 24, 2015, the action was transferred to this Court. (ECF No. 13.) Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 19.)

On May 3, 2017, the Court dismissed Plaintiff's second amended complaint with leave to amend within thirty (30) days. (ECF No. 34.) Plaintiff failed to timely file an amended complaint. On June 12, 2017, the Court issued an order to show cause why this action should not be dismissed for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 35.)

///

1

On June 26, 2017, Plaintiff filed the instant motion, addressed to the Clerk of the Court, requesting a stay of proceedings or the appointment of counsel. (ECF No. 36.) Plaintiff states that he is not in a healthy condition to file and prepare court documents, as he has recently gotten a pacer implanted. Plaintiff states that due to swelling in his feet and legs, he is in pain 24 hours a day and is confined to a wheelchair. Plaintiff seeks a "pause" in this action until his condition improves, or the appointment of counsel due to his medical conditions. Plaintiff states that he is currently housed at California Health Care Facility. (Id.)

## I.    Stay of Proceedings

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Amer. Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Plaintiff has not met his burden of establishing the need to stay this action. Plaintiff has not provided any indication of the extent of the requested stay, including the anticipated length of his recovery. However, the Court finds good cause for an extension of time to amend the complaint. If Plaintiff requires additional time following the extension granted here, the Court will consider a renewed motion for stay presenting evidence and information regarding the need for and extent of a stay, or further motions for extension of time setting forth good cause.

## II.    Appointment of Counsel

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's renewed request for the appointment of counsel, but does not find the required exceptional circumstances here. Generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. See, e.g., Warren v. Harrison, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits). In this case, despite Plaintiff's allegations that he has had a pacer implanted, is in constant pain, and is confined to a wheelchair, he was able to draft and submit the instant motion articulating his position. Furthermore, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.

Accordingly, it is HEREBY ORDERED that:

1. The order to show cause issued on June 12, 2017 (ECF No. 35), is DISCHARGED;
2. Plaintiff's motion requesting a stay of proceedings and to appoint counsel (ECF No. 36) is DENIED without prejudice;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint or a notice of voluntary dismissal; and
4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **June 30, 2017**                    /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE